TAYLOR LABOR LAW, P.C.
80 S. Lake Avenue, Suite 860
Pasadena, California 91101
626.219.6008 tel
626.219.6009 fax
Christopher W. Taylor, Bar Number: 236245
Parham Barkhordar, Bar Number: 307393
Taylor H. White, Bar Number: 325548
Philip Horlacher, Bar Number: 318837

Attorneys for Plaintiff, MARK JUAREZ

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK JUAREZ, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>SOFIE, CO an entity; PATRICK PHELPS, an individual; and DOES 1 through 25, inclusive;<br><br>    Defendants. | Case Number: 2:22-cv-05139-RGK-RAO<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*Filed Concurrently with the Declaration of Philip Horlacher and the Declaration of Mark Juarez*<br><br>District Judge R. Gary Klausner<br>Magistrate Judge Rozella A. Oliver<br>Date Removed: July 25, 2022<br>Motion Date: TBD |

TAYLOR LABOR LAW, P.C.
80 S. Lake Avenue, Suite 860
Pasadena, California 91101
(626) 219-6008 Office
(626) 219-6009 Facsimile

# NOTICE OF MOTION AND MOTION

To the Clerk of the Court, Defendants, SOFIE, CO and Patrick Phelps, and Defendants' attorneys of record:

PLEASE TAKE NOTICE that on as soon as counsel may be heard in this Court, Plaintiff Mark Juarez will and does hereby move this Court to remand this case back to the Los Angeles County Superior Court for lack of subject matter jurisdiction. Removal of this matter was improper and this Court lacks subject matter jurisdiction under 28 USC § 1441(c), and Defendants have not shown diversity of citizenship under 28 U.S.C. § 1332. This motion is based on this notice, the following memorandum of points and authorities, the Declarations of Philip Horlacher and Mark Juarez filed concurrently herewith, and all matters of which the Court may take notice.

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

Plaintiff Mark Juarez ("Plaintiff" or "Juarez") filed suit against the corporation, SOFIE, CO, and the individual, Patrick Phelps, (collectively "Defendants") in Los Angeles County Superior Court, Stanley Mosk Courthouse, on June 15, 2022, alleging claims pursuant to California's Fair Employment and Housing Act, as well as claims for tortious interference with contractual and economic relations. (Declaration of Philip Horlacher ("Horlacher Decl.") at ¶ 2; *see also* Exhibit ("Ex") 1, Conformed Complaint for Damages.)

On July 25, 2022, Defendants removed the action to Federal Court. Defendants' sole stated basis for removal is diversity jurisdiction. (Horlacher Decl. at ¶ 2, Ex 2, Defendant's Notice of Removal of Civil Action to Federal Court Under 28 U.S.C. § 1441)

Phelps supported Defendants' removal request by filing a declaration attesting he no longer resides in Los Angeles and claiming Sofie Co. closed its Culver City office during 2020, thus giving rise to complete diversity of citizenship.(Horlacher Decl., at ¶5, Ex 3 at Declaration of Patrick Phelps In Support of Notice of Removal, at ¶¶ 3-4.) **In truth, Patrick Phelps's declaration contradicts his public LinkedIn profile, in which he describes himself as working in Sofie Co.'s Culver City office from May 2009 until at least March 25, 2022.** (Horlacher Decl., at ¶6, Ex 4, Patrick Phelps LinkedIn Profile, March 25, 2022, at p.1-2; Declaration of Mark Juarez ("Juarez Decl.") at ¶ 2, Ex A) As of July 2022, Phelps is also celebrating his eleventh anniversary as a lecturer in Biology and Physics at the University of California, Los Angeles. (*See* Horlacher Decl., at ¶ 7, Ex 5 Patrick Phelps LinkedIn Profile, July 27, 2022, at p.2; *see also* Juarez Decl., at ¶ 3, Ex B) In addition, Sofie's Culver City office continues to advertise job openings as of July 27, 2022. (*See* Ex 6, Screenshot of Job Advertisement, Sofie Culver City Office, July 27, 2022)

**Similarly suspicious, Phelps describes in his declaration how he moved to Tennessee on May 20, 2022, *less than a month* before Plaintiff filed his lawsuit on June 15, 2022.** (Horlacher Decl., at ¶5, Ex 3 at ¶ 3) Phelps's move came approximately two months after Plaintiff's Counsel sent a letter to Defendants, investigating Plaintiff's unlawful termination. (Horlacher Decl., at ¶9, Ex 7, Letter to Defendants from Taylor Labor Law, P.C., dated March 29, 2022.)

Taken together, Defendants hope the Court will ignore their transparent attempt to temporarily relocate Phelps to Tennessee to manufacture diversity. As such, Plaintiff timely brings this Motion, requesting that the Court remand this matter to Superior Court of the State of California, County of Los Angeles for lack of diversity.

## II.     DISCUSSION

### A.     This Court must rule on Plaintiff's Motion for Remand *before* Defendant's Motion to Transfer Venue.

Defendants filed a Motion to Transfer Venue, which is now pending before the Court. However, this Court must first rule on Plaintiff's Motion to Remand. (*Leroy v. Great Western United Corp.* (1979) 443 US 173, 180.) Issues affecting the court's subject matter jurisdiction are "***fundamentally preliminary***"; such issues ordinarily are decided before determining if personal jurisdiction exists or if venue is proper. (*Id.* at 180, emphasis added; s*ee Ruhrgas AG v. Marathon Oil Co.* (1999) 526 US 574, 588.) As such, immediate remand for lack of subject matter jurisdiction is mandatory, not discretionary. (29 U.S.C. § 1447(c); see also *Bruns v. National Credit Union Admin* (9th Cir. 1997) 122 F.3d 1251, 1257 and *Polo v. Innoventions International, LLC* (9th Cir. 2016) 833 F.3d 1193, 1196.)

Indeed, jurisdiction involves the power of the court to render an effective judgment, and is premised on ***constitutional*** considerations; whereas, venue is premised on mere "***administrative***" considerations established by statute. (*Burlington Northern R.R. Co. v. Ford* (1992) 504 US 648, 651 (emphasis added).) Plaintiff's Motion raises the threshold issue of whether this Court (or any federal court) has subject matter jurisdiction over the case: "Challenges to the court's power to rule must, of necessity, be determined before the court may rule on the merits." (*Toumajian v. Frailey* (9th Cir. 1998) 135 F.3d 648, 658, *emphasis added* overruled on other grounds by *Aetna Health Inc. v. Davila* (2004) 542 U.S. 200; *see also Wayne v. DHL Worldwide Express* (9th Cir. 2002) 294 F.3d 1179, 1181, reversing dismissal and ordering remand since district court lacked jurisdiction over case). As such, the Court must first rule on Plaintiff's Motion for Remand. If the Court grants Plaintiff's Motion for Remand, then Defendant's Motion is moot.

///

### B. Legal Standards Governing Removal Jurisdiction

#### 1. Defendants must demonstrate complete diversity of citizenship, to remove.

The propriety of removal requires the consideration of whether the district court has original jurisdiction of the action (*i.e.*, whether the case could have originally been filed in federal court based on a federal question, diversity of citizenship, or another statutory grant of jurisdiction). (*See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).) If the case is within the original jurisdiction of the district court, removal is proper so long as the defendant complied with the procedural requirements set forth in 28 U.S.C. § 1446. If the case is not within the original jurisdiction of the district court, removal is improper. The absence of subject matter jurisdiction is not waivable by the parties. (*See Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951).)

Federal district courts have original jurisdiction over cases where there is complete diversity of citizenship, *i.e.*, between citizens of different states. (*See* 28 U.S.C. § 1332(a).) Further, a defendant may remove an action to federal court under Section 1332 provided no defendant is a citizen of the same state in which the action was brought. (*See id.* § 1441(a), (b).)

#### 2. Defendants bear the *heavy* burden of proving complete diversity.

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." (*Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441).) It is presumed, however, "that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." (*Id.* (internal quotation marks omitted).)

**Further, the removing defendant bears the *"heavy burden"* to show that the nondiverse defendant was "fraudulently" joined.** (*Simon v. Hofgard* (D DC 2016) 172 F.Supp.3d 308, 315-316 (collecting cases), emphasis added.) Put simply, Plaintiff's motion for remand requires

Defendants to prove by a preponderance of evidence the existence of diversity. (*Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F2d 564, 566; *B., Inc. v. Miller Brewing Co.* (5th Cir. 1981) 663 F2d 545, 549; *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (CD CA 2002) 199 F.Supp.2d 993 at 1000 (citing text).)

### 3. The Court must remand if there is *any* doubt about complete diversity.

"Federal jurisdiction must be rejected if there is **_any_** doubt as to the right of removal in the first instance." (*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam), emphasis added). The defendant always bears the burden of establishing that removal is proper, and the court "resolves all ambiguity in favor of remand." (*Hunter*, 582 F.3d at 1042.)

### C. Defendants have failed to demonstrate complete diversity of citizenship.

#### 1. Plaintiff's state-court Complaint demonstrates lack of diversity.

When ruling on a remand motion, the court ordinarily determines removability from the complaint as it existed at the time of removal, together with the removal notice; if the complaint is unclear as to grounds for removal, it is proper to consider the entire record of the state proceedings. (*Miller v. Grgurich* (9th Cir. 1985) 763 F2d 372, 373; *McPhail v. Deere & Co.* (10th Cir. 2008) 529 F3d 947, 956.)

Here, the Complaint clearly describes how both Defendants were domiciled in California, rendering removal improper:

> "2. Plaintiff is informed and believes and thereon alleges that defendant, SOFIE CO. was at all times mentioned in this complaint duly licensed to do business, was and is doing business, under and by virtue of the laws of the State of California. Though SOFIE CO. is incorporated in Virginia, a corporation will be considered "at home" and thus subject to general jurisdiction at its principal place of business. (*Daimler AG v. Bauman,* supra, 571 US at 137, 134 S.Ct. at 760; *Goodyear Dunlop Tires Operations, S.A. v. Brown,* supra, 564 US at 923-924, 131 S.Ct. at 2853-2854.) Here, SOFIE CO.'s principal place of business is 6160 Bristol Pkwy Suite 200, Culver City, CA 90230. Indeed, SOFIE CO.'s managing agents, including President & CEO Patrick Phelps, reside in Los

>Angeles County, California and work primarily in Los Angeles, California.
>
>3. Plaintiff is informed and believes and thereon alleges that defendant, Patrick Phelps, was and is a resident of the State of California, County of Los Angeles, at all times relevant to this complaint.

(Horlacher Decl., at ¶3, Ex 1, p.2.) Thus, the Complaint demonstrates lack of diversity, rendering removal improper.

### 2. Patrick Phelps is domiciled in California.

For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. (*See Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090; *see also, LeBlanc v. Cleveland* (2nd Cir. 2001) 248 F.3d 95, 100 (citizenship determined at the time the lawsuit is filed); *Lundquist v. Precision Valley Aviation, Inc.* (1st Cir. 1991) 946 F.2d 8, 10.) **However, residency is not equivalent to citizenship: "[a] natural person's state citizenship is [] determined by her state of domicile, not her state of residence."** (*Kanter v. Warner-Lambert Co.*, 265 F.3d 853 at 857 (9th Cir. 2001), emphasis added.) "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." (*Id.* (citations omitted).)

In our case, Phelps now claims he is domiciled in Tennessee and Sofie's Culver City office has been closed since May 2020. (Horlacher Decl., at ¶5, Ex 3 at ¶¶ 3-4) However, as the old adage goes: "Actions speak louder than words."

///
///
///
///

TAYLOR LABOR LAW, P.C.
80 S. Lake Avenue, Suite 860
Pasadena, California 91101
(626) 219-6008 Office
(626) 219-6009 Facsimile

### a. Phelps lived in Los Angeles since 2009, until about a month ago.

Phelps's declaration is conspicuously silent on where Phelps moved to Tennessee from. (*See* Ex ¶ 3) **In truth, Phelps had been residing in Los Angeles California since 2009**[1]. (Horlacher Decl., at ¶6, Ex 4, p.1-2; Juarez Decl, at ¶2, Ex A, p.1-2) Stated simply, Phelps lived in Los Angeles ***for over a decade***, yet now expects the Court to simply take him at his word that he intends to remain in Tennessee, without providing any detail about why he moved.

### b. Phelps worked in Sofie's Los Angeles office before moving to Tennessee.

Phelps's declaration describes Sofie's Culver City office as closing during March 2020. (Horlacher Decl., at ¶5, Ex 3 at ¶ 3) But Phelps worked in Sofie's Culver City office as President and CEO since September 2009, until the "Present" (*i.e.* 12 years and 7 months). (Horlacher Decl., at ¶6, Ex 4; *see also* Juarez Decl, at ¶2, Ex A, p.2) In fact, as of July 27, 2022, the Culver City office continues to advertise job openings for at least one vacant position, further undermining Phelps's assertion that the Culver City office has long been closed. (Horlacher Decl., at ¶8, Ex 6)

Tellingly, Defendants make no showing that Sofie operates an office in Tennessee. (*See* Ex 3) As such, one can reasonably infer Phelps still works with the Culver City team, though remotely.

### c. Phelps continues to teach Physics and Biology at UCLA.

Though Phelps has modified his LinkedIn since the lawsuit was filed, he continues to publicly describe himself as a lecturer at the University of California, Los Angeles. (Horlacher Decl., at ¶7, Ex 5; Juarez Decl, at ¶3, Ex B, p.2) More specifically, Phelps highlights how teaches "Physics & Biology in Medicine" at UCLA. (Horlacher Decl., at ¶7, Ex 5; Juarez Decl,

---

[1] Of note, Phelps appears to have such an affinity for Los Angeles, that his LinkedIn banner displays a large photograph of the famous Los Angeles landmark, the Santa Monica Pier. (Horlacher Decl., at ¶6, Ex 4, p.1; Juarez Decl, at ¶2, Ex A, p.1)

at ¶3, Ex B, p.2) Phelps describes himself as having taught at UCLA since June 2011, until the present. (Horlacher Decl., at ¶7, Ex 5; Juarez Decl, at ¶3, Ex B, p.2) Phelps's decade-long commitment to teaching at UCLA strongly suggests his intent to remain domiciled in California, as opposed to Tennessee.

### d. **Phelps's sudden decision to move to Tennessee *mere days* before the lawsuit was filed casts doubt on his intent to remain in Tennessee.**

Even if Phelps moved to Tennessee, the timing of his move seriously calls into question whether Tennessee is where he intends to remain. Tellingly, Phelps moved to Tennessee on May 20, 2022, (Horlacher Decl., at ¶5, Ex 3 at ¶¶ 3-4) which happens to be approximately two months after Plaintiff's Counsel notified Defendants that Plaintiff's Counsel is investigating Defendant for wrongfully terminating Plaintiff (Horlacher Decl., at ¶9, Ex 7, p.1) Even more suspicious, Phelps's move comes *less than a month* before the lawsuit was filed on June 15, 2022. (Horlacher Decl., at ¶3, Ex 1, p.1)

Lastly, as previously referenced, Phelps's declaration fails to explain why he suddenly chose to move to Tennessee after living in Los Angeles for over a decade. (*See* Ex 3) As such, the Court can infer Phelps moved to Tennessee to manufacture diversity of citizenship, after which he will return to California.

### 3. **Sofie, Co is domiciled in California.**

For the purpose of determining the citizenship of corporations, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." (*See Hertz Corp.v. Friend,* 559 U.S. 77, 77 (2010).) "The phrase "principal place of business" in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.,* its "nerve center," which will typically be found at its corporate headquarters." (*Id.* at 78.)

Here, Plaintiff does not dispute that Sofie, Co is domiciled in Virginia, its place of incorporation. However, Plaintiff contends Sofie, Co is ***also*** domiciled in California. Indeed, Patrick Phelps worked as Sofie, Co's CEO and President in the Culver City, California office until approximately one month ago. (*See* Ex 3; *see also* Ex 4; *see also* Juarez Decl., at ¶ 2) Of note, Sofie, Co's other managing agents do not appear to work out of a singular city (*e.g.* the Chief Operating Officer resides in Westfield, Indiana (Horlacher Decl., at ¶10, Ex 8, Declaration of Patrick Phelps in Support of Transfer, at ¶ 11).

In sum, Defendants have not met their burden of demonstrating Sofie, Co's nerve center exists outside Los Angeles, and any doubts must be resolved in favor of remand.

### III. **CONCLUSION**

Based on the foregoing, Plaintiff requests this Court find the parties in this suit are not completely diverse. Accordingly, this case must be remanded to state court.

Dated: July 28, 2022 TAYLOR LABOR LAW, P.C.

By: _____
Christopher W. Taylor,
Parham Barkhordar,
Taylor H. White,
& Philip Horlacher,
Attorneys for Plaintiff,
MARK JUAREZ