UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NO JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05139-RGK-RAO | Date | 9/19/2022 |
|---|---|---|---|
| Title | *Mark Juarez v. Sofie, Co et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 15]; Defendants' Motion to Transfer Venue [DE 7]

## I. INTRODUCTION

On June 15, 2022, Mark Juarez ("Plaintiff") filed a complaint in Los Angeles Superior Court alleging California state statutory and tort claims against Sofie Co. ("Sofie") and Patrick Phelps ("Phelps") (collectively, "Defendants"). Plaintiff claims that Defendants terminated him because of his wife's illness, and/or because of Plaintiff's own alleged disabilities. (Horlacher Decl., ECF No. 15-1, Ex. 1 ("Compl.").) On July 25, 2022, Defendants removed the action to this Court on the basis of diversity jurisdiction and concurrently filed a Motion to Transfer Venue ("Transfer Motion") to the Eastern District of California. (ECF Nos. 1, 7.) On July 29, 2022, Plaintiff filed a Motion to Remand ("Remand Motion"). (ECF No. 15.)

Presently before the Court are Plaintiff's Remand Motion and Defendants' Transfer Motion. For the following reasons, the Court **DENIES** both motions.

## II. FACTUAL BACKGROUND

Plaintiff was an executive of Sofie prior to his termination in February 2022 and is a citizen of Mariposa County, California. (Compl. at ¶ 1.) Sofie is a corporation incorporated in Virginia, and Defendants assert Sofie's principal place of business is also in Virginia. (Phelps Decl. ¶ 2, ECF No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NO JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05139-RGK-RAO | Date | 9/19/2022 |
|---|---|---|---|
| Title | *Mark Juarez v. Sofie, Co et al.* | | |

25.)[1] In May of 2022, Phelps and his family relocated from California to Tennessee, where they currently reside and where Phelps works remotely as Sofie's CEO. (*Id.* ¶¶ 3–4.)

Plaintiff alleges the following in his Complaint:

Plaintiff worked at Sofie for approximately seventeen years before he was terminated in February 2022. In 2021, Plaintiff's wife was diagnosed with a serious disease which required extensive care and attention. Plaintiff informed his direct supervisor, Brian Schumer ("Schumer"), but continued to work without taking any time off. Thereafter, Plaintiff began to suffer from depression and anxiety. Plaintiff spoke with Sofie's director of human resources about his situation and asked for help. However, the director of human resources dismissed Plaintiff's concerns.

Then, in February 2022, Plaintiff tested positive for COVID-19 and was unable to travel for his job. Plaintiff continued to work from home, but Schumer frequently criticized him. Plaintiff began to fear he would be fired. On February 20, 2022, Plaintiff sent a text message to Phelps explaining his wife's diagnosis and the stress he had been under. Plaintiff informed Phelps that because he would not resign, Phelps and Schumer would "have to make a decision to let [him] go" and that he "would agree to a fair severance." (Compl. ¶ 17.) Two days later Sofie terminated Plaintiff citing performance issues. Plaintiff believes that he was terminated because Phelps and Schumer were unwilling to accommodate his disabilities or his need to tend to his wife during her illness.

### III. JUDICIAL STANDARD

#### A. Motion to Remand

A defendant may remove a case from state to federal court when the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). When a plaintiff contests a jurisdictional fact, the defendant must

---

[1] In support of its Opposition to Plaintiff's Remand Motion, Defendants concurrently filed an unsigned declaration from Phelps. (*See* ECF No. 22-1). Similarly, attached to Defendants' Reply filed in Support of its Transfer Motion, was an unsigned declaration of Phelps. (*See* ECF No. 26-1). On August 9, 2022, and August 16, 2022, Defendants filed two Notices of Errata attaching the signed declarations from Phelps. (ECF Nos. 25, 28) Aside from the addition of Phelps' signature, the declarations are unchanged. Plaintiff's Objections to the unsigned declarations are therefore **OVERRULED**. (*See* ECF Nos. 24, 27). The Court will refer to the signed declarations in ruling on the motions at issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NO JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05139-RGK-RAO | Date | 9/19/2022 |
|---|---|---|---|
| Title | *Mark Juarez v. Sofie, Co et al.* | | |

establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). All factual allegations in the complaint are evaluated in the light most favorable to the plaintiff. *Saridakis v. United Airlines*, 166 F.3d 1272, 1275–76 (9th Cir. 1999).

Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. A court "resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2000).

### B. Motion to Transfer Venue

The venue statute, 28 U.S.C. § 1404 ("Section 1404"), grants a court the discretion to transfer a civil action to any other district "[f]or the convenience of parties and witnesses, in the interest of justice," so long as the transferee district is one where the case "might have been brought." 28 U.S.C. § 1404(a). Indeed, Section 1404(a) gives the district court the discretion to "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). To determine whether a transfer is appropriate, the Court considers a number of public and private interest factors, none of which are dispositive. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). Because the plaintiff's choice of forum is entitled to deference, the burden is on the defendant to make a "strong showing of inconvenience." *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

## IV. DISCUSSION

### A. Remand Motion

Plaintiff argues that the Court should remand this action because all parties are citizens of California, and thus are not diverse. The Court will address each named Defendants' citizenship, starting with Sofie and then continuing to Phelps.

#### 1. *Sofie is a Citizen of Virginia*

A corporation is deemed to be a citizen of any State where it has been incorporated and of the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Generally, a corporation's principal place of business is where its high-level officers direct, control, and coordinate the corporation's activities—its "nerve center"—which is often the company's corporate headquarters.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NO JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05139-RGK-RAO | Date | 9/19/2022 |
|---|---|---|---|
| Title | *Mark Juarez v. Sofie, Co et al.* | | |

*Hertz Corp. v. Friend*, 559 U.S. 77, 92–99 (2010) ("*Hertz*"). Because Plaintiff contests a jurisdictional fact, the burden is on Defendants to establish complete diversity by a preponderance of the evidence.[2] *See Gaus*, 980 F.2d at 566–67 (quoting *McNutt*, 298 U.S. at 189).

The parties do not dispute that Sofie is incorporated in Virginia. Plaintiff, however, argues that Sofie is also a citizen of California because its principal place of business is located in Culver City. Plaintiff cites as evidence that Phelps, Sofie's President and CEO, previously worked out of the Culver City office, and that Sofie's Culver City office continued to advertise for jobs as of July 27, 2022. (Remand Mot. at 10.)

Although Plaintiff presents evidence that Sofie advertised for a Los Angeles based job opening, Defendants submitted a sworn declaration that this posting was in error and have corrected it. *See Monsees v. Caliber Home Loans, Inc.*, No. 3:16-cv-0246-CAB (BGS), 2016 WL 4443575, at *2 (S.D. Cal. Apr. 29, 2016) (finding an internet search used to prove an LLC's citizenship insufficient). Furthermore, while Sofie may have had a Culver City office or have employees located in Los Angeles, this, at most, shows that Sofie does business in California. Doing business in a state is not enough to classify a corporation as being domiciled in that state. Rather, a corporation is often considered domiciled in the location of the company's corporate headquarters. *See Hertz*, 559 U.S. at 93. To that end, Defendants have submitted a sworn declaration from Phelps, which states, among other things, that Dulles, Virginia is where: (1) Sofie's headquarters and corporate offices are located; (2) accounts payable and receivable are operate; (3) heads of Purchasing, Information Technology, and Human Resources operate; (4) senior level executives usually host meetings with clients; (5) quality assurance training is conducted; (6) Regional Directors hold their meetings; (7) sales and broker meetings are held; (8) benefits negotiation meetings are held; and (9) third-party payroll services deliver paychecks. (Phelps Decl. ¶ 5, EFC No. 25.) These activities demonstrate that Dulles, Virginia appears to be Sofie's "nerve center." *See Hertz*, 559 U.S. at 93–97. Accordingly, Defendants have satisfied their burden of showing Sofie's principal place of business is in Virginia, and therefore that Sofie is not a citizen of California.

    2. *Phelps is a Citizen of Tennessee*

For diversity purposes, an individual is a citizen of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). An individual's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v.*

---

[2] In its Notice of Removal, Defendants sufficiently allege that the amount in controversy exceeds $75,000, and Plaintiff does not dispute that fact.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NO JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05139-RGK-RAO | Date | 9/19/2022 |
|---|---|---|---|
| Title | *Mark Juarez v. Sofie, Co et al.* | | |

*Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 967–68 (C.D. Cal. 2014) (finding declarations of class members sufficient to establish citizenship in states which the class members recently moved to).

Plaintiff argues that Phelps is a citizen of California because Phelps resided and worked in Los Angeles from 2009 until at least March 25, 2022. Additionally, Plaintiff points to Phelps' LinkedIn profile which describes him as a lecturer at the University of California, Los Angeles ("UCLA"). Plaintiff also argues that when the complaint was filed Phelps' domicile remained California because Phelps moved to Tennessee a month prior to Plaintiff initiating the lawsuit and approximately two months after Plaintiff's counsel sent a letter to Defendants informing them of a dispute. Plaintiff speculates that Phelps will return to California after the lawsuit is finished. In response, Phelps states that he purchased his home in Tennessee on May 20, 2022, has resided there ever since, and intends to reside in Tennessee for the indefinite future. (Phelps Decl. ¶ 3.) Phelps further explains that he and his wife had been planning the move to Tennessee for several years to be closer to friends and family and in order to raise their children there. Phelps also clarifies that he only lectures at UCLA once a year, and for the past three years has done so remotely. (*Id.* ¶ 4.)

Plaintiff's attempt to create a narrative that Phelps is hoping to escape litigating the case in state court is unpersuasive. Aside from the timing of his move, there is no indication that that Phelps' intention was to manufacture diversity by moving to Tennessee. It is undisputed that Phelps purchased a home and moved to Tennessee before the filing of the complaint, and he continues to remain there with his family. Plaintiff is asking the Court to put more value in Phelps' LinkedIn profile than his declaration signed under penalty of perjury. The Court doubts that Phelps would risk perjuring himself or that his attorneys would risk sanctions under Federal Rule of Civil Procedure 11, merely to create diversity jurisdiction in this lawsuit. With that said, the Court finds Phelps was domiciled in Tennessee when the complaint was filed and is therefore a citizen of Tennessee.

Therefore, the Court believes that Defendants have satisfied the burden of demonstrating diversity of citizenship, and thus the Court **DENIES** the Remand motion.

### B. Transfer Motion

Having resolved the Remand Motion, the Court now turns to Defendants' Transfer Motion. Defendants argue that the Court should transfer the action to the Eastern District of California ("Eastern District") because relevant factors weigh in favor of transfer. Plaintiff counters that his choice of forum deserves deference and that the relevant factors actually weigh in favor of keeping venue in the Central District of California ("Central District").

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

NO JS6

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-05139-RGK-RAO | Date | 9/19/2022 |
|---|---|---|---|
| Title | *Mark Juarez v. Sofie, Co et al.* | | |

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." *Ventress v. Japan Airlines,* 486 F.3d 1111, 1118 (9th Cir. 2007) (quoting 28 U.S.C. § 1404(a)). The Ninth Circuit has identified factors that a court may consider when deciding a motion to transfer venue, including those focused on by Defendants here: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law;[3] (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; and (6) the differences in the costs of litigation in the two forums. *Jones,* 211 F.3d at 498–99. When a plaintiff is not a resident of the chosen forum, a court gives less deference to the plaintiff's choice. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255–56 (1981).

Here, the action "might have been brought" in the Eastern District because a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred there. *See* 28 U.S.C. §§ 1391, 1404(a). However, Defendants fail to make a strong showing that the Eastern District, rather than the Central District, is a more convenient forum for the parties and witnesses, and that transfer would be in the interests of justice.[4] First, Plaintiff is the only party and possible witness that appears to benefit from transfer because he resides in the Eastern District. While the contacts that Defendants had, or may currently have, with the Central District are limited, Defendants appear to have no contact at all with the Eastern District. Second, the difference in costs between the fora is negligible as Defendants have not shown why litigating in the Central District would be more costly than in the Eastern District. Witness costs will presumably remain unchanged between the Eastern or Central District because many of the material witnesses identified, including Phelps, reside out of state and therefore must travel from afar regardless of where the action proceeds. *See Fontaine v. Washington Mut. Bank, Inc.,* No. CV 08-5659 PSG (Ex), 2009 WL 1202886, at *5 (C.D. Cal. Apr. 30, 2009) (finding differences in costs weighing in favor of transfer where witness costs would decrease through transfer).

Finally, the Court will honor Plaintiff's choice of forum. Generally, a plaintiff's choice of forum is not accorded much deference if plaintiff's choice is not his or her resident forum. *See Piper Aircraft,* 454 U.S. at 255–56. This may especially be the case where there is evidence of forum-shopping. *See*

---

[3] The Defendants find this factor neutral, and the Court agrees, thus it will not be discussed in the body of this memorandum.

[4] Had Plaintiff originally filed his action in federal court, the Court would have concerns whether venue would be proper in the Central District. *See* 28 U.S.C. § 1391. However, the Central District is proper under the removal statute. *See* 28 U.S.C § 1441(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NO JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05139-RGK-RAO | Date | 9/19/2022 |
|---|---|---|---|
| Title | *Mark Juarez v. Sofie, Co et al.* | | |

*Royal Queentex Enter. v. Sara Lee Corp.*, No. C-99-4787 MJJ, 2000 WL 246599, at *3 (N.D. Cal. Mar. 1, 2000) (noting anticipatory lawsuits and evidence of forum-shopping as circumstances where plaintiff's choice in forum will be accorded less deference). Although Defendants speculate that Plaintiff's reason for suing in Los Angeles was motivated by forum-shopping, (*see* Transfer Mot. at 2), the opposite seems to be true. Believing that both named Defendants reside in the Central District, Plaintiff filed this action in the Los Angeles Superior Court. *See Roling v. E*Trade Sec., LLC*, 756 F. Supp. 2d 1179, 1186 (N.D. Cal. 2010) (finding no evidence of forum shopping where plaintiffs filed suit in the forum they thought would be easiest for defendant). Again, Plaintiff appears to be the only party who may incur a benefit from litigating the action in the Eastern District, and Plaintiff is opposed to transferring the case. *See id.* (denying motion to transfer and finding defendant's argument that transfer would be more convenient for the plaintiff to be irrelevant).

In light of the foregoing, the Court finds that Defendants fail to make a strong showing that litigating this case in the Eastern District would be more convenient and in the interests of justice. Therefore, the Court **DENIES** the Transfer Motion.

**V.      CONCLUSION**

For the foregoing reasons, the Court **DENIES** both the Remand Motion and the Transfer Motion.

**IT IS SO ORDERED.**

                                                                                                             :

Initials of Preparer                      jre/a